Copies Mailed
Chambers of Edgardo Ramos

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
DAVID DELGADO,                                         :
                                                       :
                Petitioner,           :
                                                       :
  - against -                                         :        **ORDER**
                                                       :        16 Civ. 1313 (ER) (DCF)
                                                       :
SUPERINTENDENT GRIFFIN, Green Haven                    :
Correctional Facility,                                 :
                Respondent.          :
------------------------------------------------------------------------x

Ramos, D.J.:

      Proceeding *pro se*, David Delgado petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, following his conviction by a jury of manslaughter in the first degree, in violation of § 125.20 of the New York Penal Law.  His sentence was modified on appeal, and Delgado is now serving a prison term of 20 years, with five years of post-release supervision.  Although, at the time he filed the instant petition, Delgado was incarcerated at the Green Haven Correctional Facility, in Stormville, New York, Doc. 2, he is currently housed at Eastern NY Correctional Facility, in Napanoch, New York.[1]

      As relevant here, Delgado's trial counsel applied for an intoxication charge during the charge conference because Delgado had, on the night of the incident, consumed alcohol as well as medications including anti-depressants and mood stabilizers.  *See* Doc. 18, at 8–9.  The trial court denied that application.  *See id*.  On direct appeal, Delgado argued, *inter alia*, that the trial court had erred by failing to charge the jury on intoxication.  *See id*.  The appellate division affirmed Delgado's conviction, but reduced his sentence to 20 years in the interest of justice.  *See People v. Delgado*, 116 A.D.3d 541 (1st Dep't 2014).  The New York Court of Appeals thereafter

---

[1] *See* http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ3/WINQ130 (last visited September 25, 2020); *see also* Doc. 21.

denied Delgado's motion for leave to appeal. *See People v. Delgado*, 23 N.Y.3d 1061 (2014). On January 8, 2015, Delgado moved the trial court to vacate his conviction pursuant to Section 440.10 of the New York Criminal Procedure Law, asserting claims that he received ineffective assistance of trial counsel and was denied the assistance of a medical expert. *See* Doc. 18, at 10. On July 6, 2015, the state trial court denied Delgado's § 440.10 motion, which it found to be procedurally barred because the claims could have been raised on direct appeal. *See id*. at 16. Delgado again sought leave to appeal to the appellate court from the denial of § 440.10 motion. *See id*. at 17.  On November 2, 2015, the appellate court denied leave to appeal, certifying that there was "no question of law or fact presented which ought to be reviewed." *Id*. at 18.

In the instant petition (the "Petition"), Delgado claims that he received ineffective assistance of trial counsel and was also denied the assistance of a medical expert. Doc. 2. On April 11, 2016, the Court referred the Petition to Magistrate Judge Debra C. Freeman for a report and recommendation. Doc. 6. On June 16, 2016, Superintendent Griffin (the "Respondent") filed an opposition to the Petition, contending that Delgado's claims are procedurally barred, and in any event, without merit. Doc. 11.  By letter dated June 27, 2016, Delgado wrote to Judge Freeman requesting permission to file a writ of error *coram nobis* with the state courts, and that the Petition be held in abeyance in the meantime.[2]  Doc. 13.  On September 12, 2016, Judge Freeman denied that request, finding that Delgado has given no explanation for his failure to file a writ of error *coram nobis*, despite the fact that the factual basis of such a claim would have

---

[2] In his letter, Delgado stated that he had read the portion of Respondent's opposition brief in which Respondent argues that he cannot contend that the procedural default of his ineffective-assistance-of-trial-counsel claim was caused by his appellate counsel's failure to raise the issue on direct appeal, unless he has separately exhausted a claim for ineffective assistance of appellate counsel through a petition for a writ of error *coram nobis*. Doc. 13. Delgado stated that he was making a request to hold the Petition in abeyance "for this reason, and the reason that the Petitioner…did not want to be deemed time barred." *Id*.

been known to him since at least the conclusion of his direct appeal. Doc. 14. On June 15, 2020, Judge Freeman issued the Report and Recommendation (the "Report") recommending that the Petition be denied in its entirety and notifying Delgado that he had fourteen days from service of the Report to file written objections. Doc. 18. By letter dated June 29, 2020, Delgado requested a 30-day extension to file objections to the Report, Doc. 19, which the Court granted, Doc. 20. Since then, the Court has received no further communication from Delgado.

## I. Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C); *see also United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997). The district court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

## II. Discussion

In the present case, the Report advised the parties that they had fourteen days from service of the Report to file and serve written objections, and warned the parties that failure to timely object would preclude appellate review of any order of judgment in this case. *See* Doc. 18, at 47. In addition, the report expressly directed the parties' attention to 28 U.S.C. § 636 (b)(1), and Rule 72(b) and 6 of the Federal Rules of Civil Procedure. *Id*. After the Court granted

Delgado a 30-day extension, objections to the Report were due by July 30, 2020. *Id*. However, as of the date of this Order, no objections have been filed and no additional requests for an extension of time to object have been made. Accordingly, Delgado has waived the right to object to the Report, or to obtain appellate review. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008); *see also Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

Despite Delgado's failure to file objections to the Report, the Court has reviewed Judge Freeman's thorough and well-reasoned Report and finds no error, clear or otherwise.

### III. Conclusion

Accordingly, the Court adopts the Report in its entirety, and Delgado's petition for a writ of habeas corpus is DENIED. The Clerk of the Court is directed to enter judgment and close the case.

As Delgado has not made a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

It is SO ORDERED.

Dated:   September 25, 2020
         New York, New York

_____
Edgardo Ramos, U.S.D.J.